IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  21-cr-00034-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

2.    **BRYANT EDWIN SEWALL**,

        Defendant.

---

**DEFENDANT SEWALL'S RESPONSE TO GOVERNMENT'S MOTION FOR POST-INDICTMENT RESTRAINING ORDER**

---

Defendant Bryant Edwin Sewall, by and through his undersigned counsel, hereby responds to the Government's Motion for Post-Indictment Restraining Order (ECF No. 47).  As set forth below, the relief requested by the Government is needlessly duplicative of the relief that has already been secured by the United States Securities & Exchange Commission ("SEC") with respect to the same real properties in its parallel, pending civil enforcement in *SEC v. Mediatrix Capital, Inc. et al.*, Case No. 19-cv-02594-RPM (D.Colo.)(hereinafter, the "SEC Action"). This Court should decline to exercise its discretion to enter the requested restraining order, absent a compelling showing of need by the Government to replicate the same equitable relief in the instant prosecution.[1]

---

[1] Mr. Sewall does not, for the purpose of this motion, challenge the Government's showing of probable cause to believe that the criminal offenses set forth in the indictment have been committed or, in particular, its showing that proceeds from these charged offenses are traceable to the purchase of the Lymanka and Kyiv Apartments (hereinafter collectively, the "Subject Properties"). However, Mr. Sewall has a Sixth Amendment protected right to challenge the pre-conviction restraint of assets that can be shown to be necessary to secure and preserve his right to criminal counsel of his choice, and, in that context, to put the Government to the test of showing that the Subject

1

In further support of his position, Mr. Sewall states as follows:

1. On September 12, 2019, the SEC commenced its parallel enforcement action in this Court, naming Mr. Sewall as a primary defendant to the action and his spouse, Hanna Ohonkova Sewall, as a relief defendant to the action (SEC Action, ECF No. 1).

2. Contemporaneously with the filing of its complaint, the Commission moved the Court, *inter alia*, *ex parte* for an asset freeze order, together with other preliminary relief (*id.*, ECF No. 3). The following day, the assigned district judge, the Honorable Raymond P. Moore, granted the Commission its requested relief and entered a broad asset freeze order that applied to all defendants and relief defendants (*id.*, ECF No. 10)(hereinafter, the "Ex Parte Asset Freeze Order"). The order froze all asset in whatever form and whatever location up to the amount of $251,074,084 and, in particular, decreed that all defendants and relief defendants be prevented from "any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located" (*id.*, Section I, A-B). The Ex Parte Asset Freeze Order also

---

Properties indeed constitute "tainted assets" that he may not use to fund his defense. *See United States. v. Bonventre*, 720 F.3d 126, 130 (2d Cir. 2013); *United States v. Monsanto*, 924 F.2d 1186, 1203 (2d 1991); *United States v. Stein*, 541 F.3d 130, 155-56 (2d Cir. 2008); *United States v. Jones*, 160 F.3d 641,643 (10th Cir. 1998).

Mr. Sewall does not contend at this time that the Subject Properties constitute assets currently necessary to fund his defense to this prosecution but reserves the right to do so should it be concluded that his financial circumstances warrant so contending. Correspondingly, Mr. Sewall would reserve the right to challenge the Government's factual showing at that time, in that context, in the event that the Court rejects the arguments herein and chooses to grant the Government's motion. Mr. Sewall would respectfully submit that any such order should make clear that he not be precluded from making such a challenge, whether based on principles of estoppel or otherwise.

empowered the Commission broadly to take actions to effect "the clouding title, on all pieces of real property in which Defendants or Relief Defendants have an interest" (*id*., Section I, E). And the Order directed that each of the defendants and relief defendants provide the Commission a sworn accounting of all of their assets.

3. Mr. Sewall and his spouse complied with this directive and provided sworn written accountings in which they disclosed to the Commission both the Lymanka and Kyiv Apartments.

4. The Commission and the defendants and relief defendants thereafter entered into stipulations and incorporated orders extending the asset freeze order throughout the duration of the SEC Action. These stipulations and proposed orders were accepted by Judge Moore and remain in effect to this day (*id*., ECF Nos. 35 (vacated), 38 (superseding)). The stipulated orders essentially replicate the operative provisions of the Ex Parte Asset Freeze Order, with one notable exception that expands the scope of the restraints imposed upon the defendants and relief defendants to extend to all assets listed in the sworn accounting submitted by them (*id*., ECF No. 38, Section I.B).

5. The Commission subsequently tightened its control and restraint of these assets, including the Subject Properties, with Judge Moore's appointment of a receiver in the SEC Action on September 11, 2020 (*id*., ECF No. 153). Under the appointment order, the Court, under the auspices of the SEC Action receiver, has now taken exclusive jurisdiction over all of the defendants' assets "of whatever kind and wherever situated" and all "Recoverable Assets" of the relief defendants, including Mrs. Sewall, which assets are broadly defined as assets that include those attributable to funds

derived from investors and those that may be otherwise deemed includable as part of the estates of the defendants. In particular, the appointment order empowers the SEC Action receiver to take control of these assets and to take action as necessary to preserve them and prevent their dissipation (*id.*, Section 4 A, B, G). The order also provides the receiver with specific powers relative real property and expressly identifies one of the Subject Properties in the order (*id*., Section 16).

6. Neither Mr. Sewall nor Mrs. Sewall has contested the applicability of the pending freeze and receivership orders to the Subject Properties.

7. Nor has there been any indication that either has taken any action with respect to the Subject Properties in violation of these orders or that would jeopardize the Government's purported forfeiture interest in them. Neither in this motion, nor informally, has the Government suggested otherwise. Both properties have been occupied by Mrs. Sewall's family members either continuously or intermittently and the couple continues to have personal possessions of theirs within these apartments.

8. As with other equitable relief, this Court has discretion under 21 US.C. Section 853(e) (within certain limits not relevant here) as to whether to impose a restraining order and the contours of that order. In contrast to the mandate of Section 853(a), the language of Section 853(e) is permissive. 21 U.S.C. Section 853(e)("[u]pon application of the United States, the court *may* enter a restraining order"). *Cf. United States v. Bieri*, 68 F.3d 232, 235 (8th Cir. 1995)(focusing on the word "*shall*" in the (a) sub-provision, in holding that the district court has no discretion to refuse to order forfeiture where the prerequisites have been satisfied); *United States v. McGinty*, 610 F.3d 1242, 1245-1246 (10th Cir. 2010)(same). Under the circumstances, this Court is

not constrained to impose a restraining order which does nothing more than echo the equitable relief already secured by the Government relative to the Subject Properties.

Respectfully Submitted,

*s/Kenneth M. Harmon*
Kenneth M. Harmon
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, Colorado 80202
Tel. No. (303) 861-2800
E-Mail: kharmon@springersteinberg.com

Counsel for Bryant Edwin Sewall

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing by operation of the CM/ECF system to all counsel of record.

*s/Kenneth M. Harmon*
Kenneth M. Harmon