IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00034-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL SHAWN STEWART, and
2. **BRYANT EDWIN SEWALL,**

    Defendants.

_____

UNITED STATES' REPLY IN SUPPORT OF ITS MOTION
FOR POST-INDICTMENT RESTRAINING ORDER (ECF NO. 47)
_____

    COMES NOW the United States of America (the "United States" or the "Government"), by and through Acting United States Attorney Matthew T. Kirsch, and Assistant United States Attorney William B. Gillespie, and hereby files this reply in support of its Motion for Post-Indictment Restraining Order (the "Motion") to preserve the availability for forfeiture two real properties located in Ukraine: (1) Odessa Oblast, Ovidiopol Region, Lymanka, Zhemchuzhna Street., r/a "Druzhnyi", Building 1-A, Apartment 224; and (2) Kyiv, Velyka Vasylkivska Street, Building 40, Apartment 11 (collectively, the "Subject Real Properties").  (ECF No. 47).

    The Motion requests that the Court restrain the Subject Real Properties to ensure their availability for forfeiture following Mr. Sewall's criminal case.[1]  (ECF No. 47, 10).   It

---

[1] The time to argue there is no probable cause that the proceeds are traceable to the crime is now as the government has made the prima face case that the funds are proceeds of the crime.

is not within a court's discretion to allow the dissipation of forfeitable assets. *United States v. Monsanto*, 491 U.S. 600, 612–13 (1989) (explaining that "§ 853(e)(1)(A) is plainly aimed at implementing the commands of § 853(a) and cannot sensibly be construed to give district court discretion to permit the dissipation of the very property that § 853(a) requires be forfeited upon conviction").  The Court should grant the Government's Motion because the Subject Real Properties are not currently restrained so as to preserve their availability for forfeiture at the conclusion of this criminal proceeding.

Defendant Sewall has not articulated how the Subject Real Properties being subject to both the restraining order requested by the Motion and the Asset Freeze Order in the civil action brought by the United States Securities and Exchange Commission (the "SEC") against Defendants Sewall, Stewart, and others (the "SEC Civil Action") would harm him, even if they were identical.  However, the Asset Freeze Order in the SEC Civil Action and the restraining order sought by the Government are not identical restraints.  Each restraint serves distinct purposes and may be implemented and enforced through different processes.  Neither is duplicative of nor negates the utility of the other.[2]

The purpose of the Asset Freeze Order in the SEC Civil Action is to restrain assets to ensure their availability to satisfy judgment in that civil action; it does not

---

[2] Prior to filing the Motion, the Government conferred with the SEC regarding the restraining order sought by the Motion.  The SEC did not object to the Government's filing the Motion.

2

guarantee the availability of assets for forfeiture in this criminal action. *See* Stipulation and Order Granting an Asset Freeze, Prelim. Inj., and Other Relief, *SEC v. Mediatrix Capital Inc. et al*, No. 19-cv-02594, ECF No. 38, 3–4 (D. Colo. Oct. 23, 2019).

Following violations of the Asset Freeze Order and on motion of the SEC, the Honorable Judge Raymond P. Moore appointed Brick Kane of Rob Evans & Associates LLC (the "Receiver") as receiver to manage assets available to be applied to a judgment in the SEC Civil Action. Order Appointing Receiver, *Mediatrix Capital Inc.*, No. 19-cv-02594, ECF No. 153, 2 (Sept. 11, 2020). The Receiver has taken control of all known domestic real property not serving as a primary residence for defendants and relief defendants. Report of Receiver's Activities from Sept. 11, 2020 Through Dec. 31, 2020, *Mediatrix Capital Inc.*, No. 19-cv-02594, ECF No. 215, 5–6 (Jan. 29, 2021); Second Quarterly Report of Receiver's Activities Covering the Period from Jan. 1, 2021 Through Mar. 31, 2021, *Mediatrix Capital Inc.*, No. 19-cv-02594, ECF No. 257, 4–5 (Apr. 30, 2021); Third Quarterly Report of Receiver's Activities Covering the Period from Apr. 1, 2021 Through June 30, 2021, *Mediatrix Capital Inc*, No. 19-cv-02594, ECF No. 262, 4–5 (Aug. 5, 2021). The Receiver has not taken control of any real property located in foreign jurisdictions, including the Subject Real Properties.[3] *See id.*

In fact, the Subject Real Properties are not currently restrained under the law of Ukraine, which is where they are located. Without being restrained under the law of the

---

[3] In addition to the Subject Real Properties, Stewart and Sewall each purchased condominium units in the Bahamas (the "Bahamas Condos"). The Receiver has not taken control of the Bahamas Condos either, though they are proceeds of Defendant Sewall's and Defendant Stewart's conspiracy and scheme to defraud investors.

country in which they are located, the Subject Real Properties are effectively not restrained at all. While Defendant Sewall and Hannah Sewall would have to answer to the court in the SEC Civil Action if they were to dissipate either of the Subject Real Properties, it is not clear what recourse, if any, the SEC would have against a bona fide purchaser in Ukraine. As a non-party to the SEC Civil Action, the Government is even less likely to have recourse against such a bone fide purchaser.

Nor is willful dissipation the only threat to preserving the Subject Real Properties for forfeiture. In the absence of any restraint on the Subject Real Properties under Ukrainian law, other persons and entities having claims against Defendant Sewall, Hannah Sewall, or the Subject Real Properties themselves could perfect their interests in the Subject Real Properties under Ukrainian law before the Government can obtain a final order of forfeiture as to those properties.[4]

Accordingly, following the issuance of a restraining order in this criminal action, the United States will request that the government of Ukraine effect the Court's order and that the government of Ukraine restrain the Subject Real Properties in accordance with Ukrainian law.[5]

---

[4] For example, liquidators appointed by a Bahamian court to wind-up Mediatrix Capital Fund Ltd. (a Bahamian entity) have stated that they may have an interest in the Bahamas Condos. Similarly, the condominium associations for the Bahamas Condos claim an interest in those units because of unpaid condominium association dues.

[5] The Government has already done this with the Bahamas Condos to secure their availability for forfeiture in a related civil forfeiture action. After, obtaining a restraining order from Judge Moore, Restraining Order as to Def. Properties, *United States v. Mira Mar Villas, #15 Garden Drive, Paradise Island, Bahamas et al.*, No. 19-cv-03310, ECF No. 13, 2 (D. Colo. Dec. 4, 2019), the United States sought and obtained the assistance of the Bahamas to effect that order and to restrain the Bahamas Condos under

## Conclusion

Therefore, because the Subject Real Properties constitute or are derived from proceeds of wire fraud and conspiracy to commit wire fraud and because the Subject Real Properties are not currently restrained so as to preserve their availability for forfeiture at the conclusion of this criminal proceeding, the Court should grant the Government's Motion and order that the Subject Real Properties be restrained until further order of this Court.

Respectfully Submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

s/William B. Gillespie
**William B. Gillespie**
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
E-mail:  William.Gillespie@usdoj.gov
Counsel for United States

---

Bahamian law.  *See* United States' Mot. for Default and Final Order of Forfeiture, *Mira Mar Villas, #15 Garden Drive, Paradise Island, Bahamas*, No. 19-cv-03310, ECF No. 52, 2.  Having the Bahamas Condos restrained under Bahamian law ensures that those condos will remain available for forfeiture at the conclusion of the civil forfeiture case.

## CERTIFICATE OF SERVICE

      I hereby certify that on August 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                                            s/ *Jasmine Zachariah*
                                            FSA Data Analyst
                                            U.S. Attorney's Office