**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 21-cr-034-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    MICHAEL SHAWN STEWART,
2.    **BRYANT EDWIN SEWALL,**

    Defendants.

---

**ORDER GRANTING UNITED STATES' MOTION FOR
POST-INDICTMENT RESTRAINING ORDER**

---

This matter comes before the Court on the United States' Motion for Post-Indictment Restraining Order ("Motion"), filed on August 10, 2021.  (ECF No. 47.) Defendant Bryant Edwin Sewall responded on August 14, 2021 (ECF No. 49), and the Government replied on August 14, 2021 (ECF No. 50).

In the Motion, the Government seeks a post-indictment restraining order pursuant to 21 U.S.C. § 853 to secure, maintain, and preserve the availability for forfeiture two real properties located in Ukraine (hereinafter, the "Subject Real Properties"):

    a.    Odessa Oblast, Ovidiopol Region, Lymanka, Zhemchuzhna Street., r/a "Druzhnyi", Building 1-A, Apartment 224, legally described as:

    Одеська обл., Овідіопольський р., с. Лиманка, вулиця Жемчужна, ж/м "Дружний", будинок 1а, квартира 224; and

      b.      Kyiv, Velyka Vasylkivska Street, Building 40, Apartment 11, legally described as:

м.Київ, вулиця Велика Васильківська, будинок 40, квартира 11.

(ECF No. 47 at 1.)  For the reasons stated below, the Motion is granted.

Upon consideration of the Government's Motion, the verified materials submitted in support thereof, and the Indictment, it appears to the Court that there is good cause to enter a restraining order to preserve the Subject Real Properties based upon the following:

1.      A federal grand jury of this district has returned an Indictment against Defendants Stewart and Sewall, on charges of wire fraud in violation of 18 U.S.C. §§ 371, and 1343.  (ECF No. 1.)  Furthermore, the Indictment also alleges criminal forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) of certain property, including real properties in the Bahamas and several bank accounts in which Stewart and Sewall hold an interest.  (*See id.* at 14–16.)

2.      The federal grand jury's Indictment of Stewart and Sewall, which specifically identifies the fraud scheme, establishes sufficient probable cause that Stewart and Sewall were involved in the fraud scheme and that the assets listed in the Indictment are proceeds of the scheme, therefore establishing probable cause for the issuance of this restraining order.

3.      The affidavit of U.S. Deputy Marshal Tyson Polski establishes probable cause to believe that the following Subject Real Properties were purchased with

investor funds from the fraud scheme.[1]  (ECF No. 47-1.)

4. The need to preserve the availability of the Subject Real Properties through the entry of the order requested herein outweighs the hardship on any party against whom the restraining order is to be entered.

5. Any third-party claims to the Subject Real Properties may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law.

THEREFORE, IT IS HEREBY ORDERED AND DECREED:

That, effective immediately, Bryant Edwin Sewall and Hanna Ohonkova Sewall, their agents, servants, employees, attorneys, family members, and those persons in active concert or participation with them, and those persons, financial institutions, or other entities who have any interest or control over the subject property are hereby RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the Government and an opportunity for the Government to be heard, from attempting or completing any action that would affect the availability, marketability, or value of said property, including but not limited to selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of, all or any part of their interest, direct or indirect, in the following properties:

---

[1] The Court notes that Sewall does not challenge the Government's showing of probable cause to believe that the criminal offenses set forth in the Indictment have been committed or that the proceeds from those offenses are traceable to the Subject Real Properties.  (*See* ECF No. 49 at 1 n.1.)

    a.    Odessa Oblast, Ovidiopol Region, Lymanka, Zhemchuzhna Street., r/a "Druzhnyi", Building 1-A, Apartment 224, legally described as:

Одеська обл., Овідіопольський р., с. Лиманка, вулиця Жемчужна, ж/м "Дружний", будинок 1а, квартира 224; and

    b.    Kyiv, Velyka Vasylkivska Street, Building 40, Apartment 11, legally described as:

м.Київ, вулиця Велика Васильківська, будинок 40, квартира 11.

IT IS FURTHER ORDERED that the Government or any Subject of this Order may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the Subject Real Properties.

IT IS FURTHER ORDERED that the Government shall promptly serve a copy of this restraining order upon Bryant Edwin Sewall and Hanna Ohonkova Sewall, and shall a make a return thereon reflecting the date and time of service.

THIS RESTRAINING ORDER shall remain in full force and effect until further Order of this Court.

Entered at Denver, Colorado this **19th day of August, 2021 at 1:30 p.m.**, Mountain Daylight Time.

BY THE COURT:

_____
William J. Martínez
United States District Judge

4