IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-cr-00034-WJM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     **MICHAEL SHAWN STEWART**, and
2.     **BRYANT EDWIN SEWALL**
       Defendant(s).

---

### SECOND UNOPPOSED JOINT MOTION FOR 120-DAY ENDS OF JUSTICE EXCLUSION OF TIME AND EXTENSION OF RELEVANT DEADLINES

---

The defendants, Michael Shawn Stewart ("Mr. Stewart") and Bryant Edwin Sewall (Mr. Sewall), by and through the undersigned counsel, Jordan R. Deckenbach and Kenneth M. Harmon, hereby move this Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for a 120-day ends of justice exclusion of time and continuance, including a corresponding extension of relevant deadlines, including the pretrial motions deadline. As grounds, they state as follows:

    1.     On February 4, 2021, an Indictment was filed in this case. Doc. 1. Mr. Stewart made his initial appearance in this case on February 12, 2021. Doc. 7. On February 12, 2021, Ms. Marci LaBranche entered her appearance for Mr. Stewart. Doc. 6. On February 16, 2021, Mr. Michael LaVelle entered his appearance on behalf of Mr. Stewart. Doc. 11. On March 3, 2021, Mr. Sewall made his initial appearance in this case. Doc. 19. Undersigned counsel for Mr. Sewall entered his appearance on March 11, 2021. Doc. 24.

2. On January 4, 2022, Mr. LaVelle and Ms. LaBranche filed a motion to withdraw as attorneys for Mr. Stewart. Doc. 53. At a January 11, 2022 hearing, the Court granted their motion to withdraw as attorney. Doc. 57. At that same hearing, the Court determined Mr. Stewart was eligible for a court appointed attorney. Doc. 57 and 58. On January 13, 2022, the undersigned counsel for Mr. Stewart entered his appearance. Doc. 59.

3. On January 24, 2022, the defendants filed an Unopposed Joint Motion for 180-day Ends of Justice Exclusion of Time and Extension of Relevant Deadlines. Doc. 60. The Court granted the motion on the same day. Doc. 61.

4. Pretrial motions are currently due September 26, 2022; a trial preparation conference is set for October 17, 2022, and trial is set to begin October 24, 2022. Doc. 62.

5. Discovery has remained on-going. On February 2, 2022, March 24, 2022, and March 31, 2022, the Government disclosed initial discovery. The discovery included approximately 300,000s documents and files. On June 9, 2022, approximately 190 additional financial records were disclosed to the defense.  Reviewing, digesting, and consulting with an expert about the discovery will require more time.

6. Specifically, Mr. Stewart and Mr. Sewall request a 120-day exclusion of time from the Speedy Trial Act and a corresponding extension of the relevant dates, including an extension of the pretrial motion's deadline.  Mr. Stewart and Mr. Sewall request the trial currently set for October 24, 2022 be continued 120-days to on or about February 21, 2023.

7. The defendants' undersigned counsel have conferred with Assistant United States Attorney Pegeen Rhyne and Anna Edgar, who expressed they have no objection to the instant motion.

8. The complex facts of this case, the need for additional legal research, and the parties' ongoing need to confer in this case requires additional time.

9. The undersigned counsel needs additional time to conduct further factual investigation. There are numerous material witnesses who are located around the world. Identifying and contacting these witnesses takes a considerable amount of time and effort. The investigation is further complicated by the fact that the allegations are related to conduct that occurred over a period of four years.

10. The undersigned Counsel for Mr. Stewart is also set to begin a First-Degree Murder Trial in the Northern District of Oklahoma on September 19, 2022. That trial is taking a substantial amount of time to prepare for and will make meeting the filing deadlines in this case extremely difficult.

11. Finally, once the newest discovery is reviewed and understood by the undersigned counsel, they will need time to confer on this case among themselves and with government counsel.  That conferral can only begin in earnest once the defendants' counsels have had an opportunity to review the new discovery and understand it.  Both undersigned counsel and government counsel believe additional conferral is both necessary and appropriate before deciding how this case will progress.

12. In light of the above, counsel believes 120 days should be excluded from the computation of the Speedy Trial Act clock.  Appointed counsel for Mr. Stewart does not believe he will be able to effectively represent Mr. Stewart under the currently set

deadlines and dates. Undersigned counsel for Mr. Sewall shares this same assessment as pertains to the defense of his client.

13. Among the factors, applicable here, which the court is to consider in determining whether to grant a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) are:

a. Whether the failure to grant the continuance would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Given the circumstances set forth in paragraphs 7 through 11 *supra*, Mr. Stewart and Mr. Sewall believe that would be the case here.

b. This Court may also consider the complex nature of the case. The financial instruments and transactions at issue are voluminous and complex. It would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself could occur within the current time limits. 18 U.S.C. § 3161(h)(7)(B)(ii). The defense believes again, this is the case as new counsel has not yet received discovery.

14. In support of this motion Mr. Stewart and Mr. Sewall addresses the factors articulated in *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987). This outline of factors is consistent with the discussion concerning the adequacy of the record in an ends-of-justice continuance context found in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007):

> In *West* the Tenth Circuit outlined certain factors they look to when weighing whether a denial of a continuance is arbitrary or unreasonable. These factors include the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need

>asserted for the continuance and the harm the appellant might suffer as a result of the district court's denial of the continuance.

Applying the *West* factors Mr. Stewart and Mr. Sewall state as follows:

    a.    Counsel has exercised diligence. The discovery is voluminous. New discovery continues to be produced. Counsel has identified several potential issues that require legal and factual research and investigation that will stretch beyond the United States. These tasks will be ongoing and additional time is needed to complete such tasks. Simply stated, despite the diligent efforts that have already gone into Mr. Stewart and Mr. Sewall's case, additional time will be required to effectively represent them in these proceedings, including the filing of pretrial motions; at trial, if trial is necessary; or to help them knowingly and intelligently decide to enter into a plea agreement.

    b.    If this continuance is granted, counsel will have additional time to complete the stated tasks. The continuance, if granted, would accomplish the purpose underlying Mr. Stewart and Mr. Sewall's need for the continuance.

    c.    The government does not object to the defense request of a continuance of the trial and there is no information suggesting that any government witnesses would be inconvenienced. Counsel does not presume in any given instance that the Court would or would not be inconvenienced by a requested continuance.

    d.    The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. The defendants' counsel must be allowed to review the discovery, conduct legal research and factual investigation, confer with each other, and confer with the government. Without the exclusion of a period of time from the speedy trial calculations, Mr. Stewart and Mr. Sewall's right to be

adequately and effectively represented in these proceedings will be seriously jeopardized.

15.     The undersigned counsel believe that the ends of justice are best served by the granting of such continuance and such interest outweighs the best interest of the public, and Mr. Stewart's and Mr. Sewall's, in a speedy trial.

WHEREFORE, Mr. Stewart and Mr. Sewall request that A) this unopposed motion be granted, B) the Court enter an order extending the pretrial motions deadline, and C) the court enter an order excluding 120 days in the computation of time within which the trial in this case must commence under the Speedy Trial Act, 18 U.S.C. § 3161, et al.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Jordan R. Deckenbach
JORDAN R. DECKENBACH
Assistant Federal Public Defender
111 South Wolcott Street
Casper, WY 82601
Telephone:  (307) 772-2781
Jordan_Deckenbach@fd.org
Attorney for Mr. Michael Stewart

s/ Kenneth M. Harmon
KENNETH M. HARMON
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202-4920
Telephone: 303-861-2800
kharmon@springersteinberg.com
Attorney for Mr. Bryant Sewall

CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2022, I filed the foregoing **Second Unopposed Motion For 120-Day Ends Of Justice Exclusion Of Time And Extension Of Relevant Deadlines** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Pegeen D. Rhyne, Assistant United States Attorney
E-mail:  pegeen.rhyne@usdoj.gov

Anna K. Edgar, Assistant United States Attorney
E-mail: anna.edgar@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Michael Shawn Stewart (via U.S. mail)

Bryant Edwin Sewall (via U.S. mail)

s/ Jordan R. Deckenbach
JORDAN R. DECKENBACH
Assistant Federal Public Defender
111 South Wolcott Street
Casper, WY 82601
Telephone: (307) 772-2781
Jordan_Deckenbach@fd.org
Attorney for Mr. Michael Stewart


s/ Kenneth M. Harmon
KENNETH M. HARMON
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202-4920
Telephone: 303-861-2800
kharmon@springersteinberg.com
Attorney for Mr. Bryant Sewall
