IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  21-cr-00034-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

2.    **BRYANT EDWIN SEWALL**,

        Defendant.

---

**MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT SEWALL AND FOR COURT-APPOINTMENT OF SUBSTITUTE COUNSEL**

---

Defendant Bryant Edwin Sewall, by and through undersigned counsel, Kenneth M. Harmon, hereby respectfully moves this Court, pursuant to D.C.COLO.L.AttyR 5(b), for an order allowing undersigned counsel to withdraw as his counsel of record for in the above-captioned case and for court-appointment of substitute counsel for him instead. In the alternative, in the event Mr. Harmon is not permitted to withdraw, Mr. Sewall requests that Mr. Harmon be specially court-appointed, together with a second court-appointed attorney from the Criminal Justice Act ("CJA") Panel, to represent him in this case going forward and that he be permitted certain specified litigation support resources under the CJA. 18 U.S.C. § 3006A *et seq*.

As grounds for the motion, Mr. Sewall states as follows:

1.    On March 11, 2021, following Mr. Sewall his initial appearance in this case, undersigned counsel entered his appearance as counsel for record for Mr. Sewall

1

in this case (DE 24).[1]  Undersigned counsel's appearance was made pursuant to a fee agreement that Mr. Sewall entered into with the law firm of Springer & Steinberg, P.C. ("Springer & Steinberg") to represent him in this case.  The firm and undersigned counsel had previously represented Mr. Sewall in connection with the criminal investigation leading to the indictment in this case.

2. Following Mr. Sewall's arraignment on the indictment and the Discovery Conference, the Government proceeded to make serial productions of discovery materials in the case.  The volume of discovery has been extensive and beyond the expectations of either Mr. Sewall or counsel when counsel entered his appearance. The Government's discovery production is ongoing. The production of the materials has gone less than smoothly, and it has been a challenge for Mr. Sewall and undersigned counsel and to adequately and effectively organize and review these materials.[2]

3. Additionally, shortly after his appearance in this case, Mr. Sewall was served with Fed.R.Civ.P. Rule 45 subpoenas to provide testimony and documents, secured by way of an application made in the United States District Court for the Eastern District of Texas, pursuant to 28 U.S.C. § 1782, by persons and entities who made investments that are the subject of the indictment in this case, in connection with an anticipated foreign proceeding (E.D. Tex., Sherman Division, Case No. 4:21-mc-00038-ALM). Although beyond the scope of their representation in connection with this matter, undersigned counsel and his law firm have spent considerable time and effort in

---

[1]     "DE" refers to docket entries in this case.

[2]     Some of the issues with discovery production have been alluded to in one or more of the ends of justice continuance motions that have been filed in the case. Mr. Sewall and undersigned counsel are prepared to elaborate on the problems and challenges that they have faced in organizing and reviewing these materials, given the resources at hand, at a hearing on this motion.

addressing issues relating to compliance with these subpoenas and protection of Mr. Sewall's interests in connection with the defense of this case.

4. As this case has progressed, Mr. Sewall has grown increasingly concerned and frustrated with the level of support, commitment and resources that he perceives the law firm as devoting to his case and has made numerous complaints and expressions of concerns about these subjects without satisfaction to him. In this connection, he has noted that, in comparison to the resources afforded him, his co-defendant, Mr. Stewart, when represented privately, had the benefit of two experienced attorneys who were counsel of record for him in the case, as well as dedicated paralegal support and other resources, such as litigation document management software. Further, Mr. Sewall is aware through undersigned counsel that co-defendant Stewart, now represented by the Federal Public Defender's Office, continues to have the benefit of multiple staff members and comparable, if not superior, resources that are not available to Mr. Sewall as presently represented.

5. Given the nature of the case and its complexity, and his views about the contours of the defense of the case, Mr. Sewall has indicated that he is dissatisfied with the effectiveness of his current representation. As a consequence, Mr. Sewall has been exploring re-configuring his representation and defense of the case since the early part of this year, initially by way of supplementing undersigned counsel's representation through co-counseling arrangements with other law firms and lawyers and, for the past several months, through outright substitution of current counsel with other privately retained counsel. These efforts, and others, have all proven to be unavailing, and Mr. Sewall now finds himself financially unable to supplement his representation or

substitute other privately retained counsel with the resources currently available to him.[3]

6. Mr. Sewall, as a result, has now decided to terminate his representation by Springer & Steinberg and, correspondingly, has directed undersigned counsel to file this motion to withdraw and to ask that court-appointed counsel be substituted to represent him instead.

7. Mr. Sewall has not come to these determinations lightly. He has considered court-appointed counsel and court-furnished resources for his defense a last resort that he has come upon after having thoroughly exhausted private avenues to mount the defense through private resources, as well as efforts to release funds under restraint in the SEC case. He believes court-appointed counsel and court-furnished resources, under the circumstances, are now imperative if he is to have a chance to mount an effective defense in this case. Both he and undersigned counsel are prepared to elaborate on the grounds for these views at a hearing that they request on this motion. However, because these matters necessarily involve defense strategy and work-product, as well as attorney client confidences and communications, Mr. Sewall would request that any such discussion be held *ex parte* and *in camera*.

**Mr. Sewall's Request for Withdrawal of Privately Retained Counsel.**

8. Mr. Sewall's request that undersigned counsel be permitted to withdraw as his counsel of record in this case is governed by several standards. The local rules of

---

[3] Mr. Sewall's efforts to bolster his defense and the resources available to him have included ongoing efforts to seek a modification of a pretrial asset restraint and freeze order in place in a parallel civil enforcement action that has been brought against him by the United States Securities and Exchange Commission in this District (Case No. 19-cv-2594-RPM). Any of Mr. Sewall's assets that were of a discretionary nature and beyond what is available to support him and his family have been subject to this order. Mr. Sewall has been in litigation with the Commission for the past several years to modify this order to permit the release of assets to fund his defense of this case. These litigative efforts, which have included appellate litigation in the Tenth Circuit, have proven unsuccessful to date.

this Court, which apply uniformly to criminal and civil cases alike, require a showing of "good cause" for withdrawal of counsel of record. D.C.COLO.L.R.Atty.R. 5(b). The Colorado Rules of Professional Conduct, which also governs undersigned's conduct in this case, mandate that counsel "withdraw from representation" if the lawyer is "discharged" by his client, such mandate being subject, however, to compliance with this tribunal's provisions governing termination. Colo. RPC Rule 1.16(a)(3), (c).

9. Both sets of provisions must nonetheless be tempered and informed by a defendant's right to counsel under the Sixth Amendment of the U.S. Constitution. This right, in turn, compromises at least two distinct subsidiary rights – the right of a defendant to choose the lawyer who will represent him and the right to effective assistance of counsel of the lawyer that does represent him. *United States v. Jimenez-Antunez*, 820 F.3d 1267, 1270 (11th Cir. 2016)(quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144, 147, (2006)). A corollary to this first right, i.e., the right to choose, is the constitutional right to dismiss – or fire -- a lawyer who a defendant has previously chosen to represent him– at least as pertains to retained counsel. *Id*. at 1271 ("[a] defendant exercises the right to counsel of choice when he moves to dismiss retained counsel, regardless of the type of counsel he wishes to engage afterward"). And this right to fire, the majority of courts have held, is a right that requires no showing of good cause – or any reason at all – such that a motion directing retained counsel to withdraw must be honored unless denying the motion is "compelled by 'purposes inherent in the fair, efficient and orderly administration of justice.'" *Id*. (citing *United States v. Brown*, 785 F.3d 1337, 1347 (9th Cir. 2015)(quoting *Rivera-Corona*, 618 F.3d 976, 979 (9th Cir. 2010)). *See, e.g, Ronquillo v. People*, 404 P.3d 264, 269-70, 2017 CO

99, 2017 Colo. LEXIS 898 ("We now join the majority of jurisdictions and hold that the right to counsel of choice includes the right to fire retained counsel. A defendant who wishes to discharge retained counsel may do so without good cause, even if he seeks to replace retained counsel with appointed counsel"). *But see United States v. Mota-Santana*, 391 F.3d 42, 46-47 (1st Cir. 2004)(holding that good cause showing is required in circumstances where a defendant both seeks to discharge retained counsel and substitute with court-appointed counsel).[4]

10.   Mr. Sewall's right to discharge undersigned counsel and require his withdrawal in this case is clearly established, regardless whether a threshold good cause showing is required or not. Mr. Sewall's decision to discharge the Springer & Steinberg firm should be considered good cause in and of itself under the Colorado Rules of Professional Conduct.  His lack of confidence that the firm will dedicate the resources he deems necessary for an effective defense of his counsel further furnishes additional sufficient good cause for his request to have undersigned counsel withdraw

---

[4]   Courts which have had occasion to address the standard to be applied where a defendant seeks to substitute court-appointed counsel for retained counsel have acknowledged this split between the circuits and that the issue has yet to be conclusively resolved. *See, e.g., Ronquillo v. People, supra; United States v. Allmon*, 2019 U.S. Dist. LEXIS 7590, *4, 2019 WL 220283 n.3 (N.D. Tex. 2019 )(acknowledging open question in 5th Circuit and split in circuits generally); *Fluker v. United States*, 2016 U.S. Dist. LEXIS 53823 *29-32 (ND Ill 2016)(acknowledging same with respect to the 7th Circuit).

Undersigned counsel acknowledges that while there is a line of cases in the 10th Circuit that suggests applying  a good cause whenever considering motions to withdraw and substitution, *see, e.g., United States v. Lott*, 310 F.3d 1231, 1248-1249 (10th Cir. 2002),the opinions in these cases either address circumstances where a defendant seeks to replace one court-appointed lawyer with another, or do not specify whether the substitution at issue involves replacing retained counsel with court-appointed counsel. Accordingly, these cases do not control in the circumstances presented here.

Undersigned counsel has not located a binding Tenth Circuit decision that has squarely addressed this issue.

as his counsel.[5]  Nor must deprivation of his constitutional right to discharge retained counsel be "compelled by 'purposes inherent in the fair, efficient and orderly administration of justice." This is Mr. Sewall's first and only request to substitute counsel. It comes only as a last resort, after an exhaustive effort to pursue other means to support his defense, and not for tactical or strategic advantage. And it is made 144-days, *i.e.*, 4-months and three-weeks, before trial is set to commence in this case.[6]

11. Undersigned counsel has furnished a copy of this motion to Mr. Sewall and, as required under this Court's Local Rules, has admonished him that, in the event withdrawal is granted but court-appointed counsel not furnished him, he will be personally responsible for complying with all court orders and time limitations established by the statutes and rules applicable to those case, so long as he remains unrepresented. D.C.COLO.L.R.Atty.R. 5(b).

**Mr. Sewall's Request for Court-Appointed Counsel.**

12. Mr. Sewall is entitled at this point to be considered for a court-appointed attorney from the CJA Panel upon a showing of financial eligibility under the statute. The CJA provides that, if at any stage of the proceedings, the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel and authorize payment as the interests of justice may dictate. 18 U.S.C.S. § 3006A(c). The

---

[5] Mr. Sewall is prepared to demonstrate, as part of an *in camera* and *ex parte* colloquy with the Court, that his concerns in this regard are not fanciful under the circumstances and based on a good faith appraisal of the merits of the case and probable defense that he believes he can successfully develop and pursue with other counsel and CJA resources.

[6] Undersigned counsel notes, in this connection that earlier this year, co-defendant Stewart's privately retained counsel made a similar motion to withdraw and appoint substitute counsel (DE 54).  That motion was **brought approximately 96-days before trial was scheduled to commence in this case at that time, and the motion was granted without hesitation or opposition on the part of the Government (**DE 56). (Government counsel stated that the Government had no position on the motion.)

statute does not require a showing of indigency, just merely an inability to secure private counsel.  A defendant does not have to be destitute to be eligible for an appointment of counsel. The Court need only be satisfied that the representation essential to an adequate defense is beyond the means of the Defendant. *United States v. Gipson*, 517 F. Supp. 230, 231 (W.D. Mich. 1981).

13. Mr. Sewall currently lives in a household with his mother, his spouse and the couple's two-year old child. He is the main source of support for his family and holds down three jobs to make ends meet; he has no discretionary income and faces the financial challenges of addressing potentially escalating learning disabilities of his young child.  He will be submitting a CJA-23 Affidavit, under the appropriate filing restriction, in support of this request.  He understands and acknowledges that any funds that may be returned to him as part of an unused retainer with the Springer & Steinberg firm, that are not subject to other creditors' claims, may, upon this Court's directive, be required to be applied to subsidize his court-appointed defense.

**Mr. Sewall's Alternative Request**.

14. Mr. Sewall recognizes that this Court is enabled under the CJA to make a special appoint of an attorney to represent him who is not on the CJA Panel but that the Court will consider doing so only in "exceptional circumstances."  U.S. Dist. Ct., District of Colorado, CJA Plan, VII.D. Mr. Sewall is mindful of this requirement and seeks, in the first instance, an appointment of counsel from the CJA Panel. However, should the Court decline to allow his undersigned counsel to withdraw from this case, Mr. Sewall submits that the interests of justice, effective case management, and continuity of counsel furnish these "exceptional circumstances" to specially appoint undersigned

counsel under the CJA.

15. Further, given the exceptional complexity of this case, Mr. Sewall submits that this case warrants the appointment of two attorneys to represent him. Provisions for this are allowed in appropriate cases under the CJA and its implementing regulations. See Guide to Judiciary Policy, Vol 7 Defender Services, Part A Guidelines for Administering the CJA and Related Statutes, Chapter 2: Appointment and Payment of Counsel, Sections 230.53.10, 20. The complexity and unique subject matter of this case, among other things, warrants the appointment of two lawyers to defend Mr. Sewall.[7]

16. Finally, the CJA permits a defendant to secure court-funded resources for his defense apart from counsel. 18 U.S.C. § 3006(e). In the event that undersigned counsel is not permitted to withdraw as counsel of record, Mr. Sewall would request that CJA funds be provided to him for necessary non-attorney resources which would, include, but not necessarily be limited to, funds for persons who can provide consulting and prospective expert testimony concerning the foreign currency exchange markets and industry in general and as pertains to discrete issues in this case; forensic accountants; investigators; paralegal assistance; and document management computer software services. Mr. Sewall and undersigned counsel are prepared to elaborate upon and substantiate these specific non-attorney resource requests *in camera* and *ex parte*, in the event the motion to withdraw is denied and court-appointed counsel refused. In

---

[7] Undersigned counsel notes that there is recent precedent for the deployment of two court-appointed lawyers. The case, *United States v. Jean-Pierre*, Case No. 17-cr-000008-WJM, was recently tried before the Hon. Judge Martinez in this Court. The defendant was appointed two lawyers from the CJA Panel to represent him before and during trial. These appointments came in the wake of the withdrawal of the defendant's initial court-appointed counsel.

9

the event that the withdrawal motion is granted and court-appointed counsel substituted in the case, Mr. Sewall will pursue these requests through appointed counsel.

WHEREFORE, Mr. Sewall respectfully requests that this motion be set for hearing, following which, undersigned counsel be permitted to withdraw as counsel of record and court-appointed counsel from the CJA Panel substituted as counsel of record in the case; or, in the event such relief is denied, then the alternative relief requested herein be granted.

DATED October 6, 2022

Respectfully submitted,

*s/Kenneth M. Harmon*
Kenneth M. Harmon
Springer & Steinberg, P.C.
1600 Broadway, Suite 2100
Denver, Colorado 80202
Tel. No. (303) 861-2800
E-Mail:kharmon@springersteinberg.com

Counsel for Bryant Edwin Sewall

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

*s/Kenneth M. Harmon*
Kenneth M. Harmon