IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  21-cr-00034-WJM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

2.    **BRYANT EDWIN SEWALL**,

       Defendant.

---

**DEFENDANT SEWALL'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO ADVANCE MOTIONS DEADLINE**

---

Defendant Bryant Edwin Sewall, by and through undersigned counsel, Kenneth M. Harmon, hereby responds in opposition to the Government's Motion to Advance Pretrial Motions Deadline and Preserve Trial Date (DE 74).[1] In opposition to the motion, Mr. Sewall states as follows:

1.    Mr. Sewall adopts and incorporates the reasons advanced by co-defendant Stewart in his opposition to the motion (DE 76), to the extent that these reasons apply to him and his circumstances. These reasons including the voluminous and ongoing production of discovery and the probable need to retain consultants and/or experts to help understand the discovery materials, including recently produced summary charts and analysis by the Government. The most recent production of materials was made on or about September 26, 2022 and October 4, 2022.

---

[1]    "DE" stands for docket entries in this case.

1

2. Mr. Sewall is confronted with additional challenges and burdens in reviewing and digesting the discovery that has been and is being produced by the Government. Mr. Sewall and his undersigned counsel have limited resources available to them to digest and meaningfully review the voluminous discovery that has been produced in this case. Since undersigned counsel's appearance in the case, he has been the primary and most of the time sole attorney responsible for Mr. Sewall's defense. Neither he nor Mr. Sewall have had the benefit of dedicated paralegal assistance in the case.

3. Discovery is voluminous. Co-defendant's counsel provided an estimate that, as of June, over 65,000 unique documents had been produced in discovery, corresponding to over 439,000 pages of records. These counts likely underestimate the true magnitude of discovery. Many of the records are in native format and have multiple pages that are not necessarily reflected in the bates numbering assigned to them. The production of records to Mr. Sewall has been problematic and plagued with problems. The records have been produced piecemeal and in a fashion that does not have apparent useable organization. The indices provided to the defense consist of computer-generated printouts that do not meaningfully describe, with requisite particularity, what has been produced.[2] The self-contained search engine that was provided with the initial discovery production has limited capabilities and is difficult to use. And the Government's lead counsel has declined undersigned's requests to provide a consolidated discovery production that integrates the productions with a with a

---

[2] The main index generated by the Government, in excess of 900 pages, was not even provided to Mr. Sewall and his counsel. Mr. Sewall's counsel learned of, and obtained the index from co-defendant's counsel after learning of its existence from co-counsel.

new search engine.

4. Nor do Mr. Sewall or undersigned counsel have the benefit of a litigation document discovery computer platform to upload these ongoing discovery productions and organize them in a meaningful way. Without meaningful computer-assisted search capabilities, and without dedicated paralegal assistance, the two are currently essentially left to their own devices to open and review the records individually and make some sense of them.

5. Owing to these limited resources, and struggling to get through the back-log of previously produced discovery, undersigned counsel has had little chance yet even to make cursory inspection of the materials that have been produced within the last two weeks.

6. Given all of this, counsel and Mr. Sewall will need all the time currently available to them to get through the ongoing discovery production and be in a position to consider and bring meaningful motions by January 30, 2023, the current deadline for pretrial motions. Advancing the deadline into mid-December 2022, as the Government proposes, under the circumstances, will impose an even great burden on the Mr. Sewall and counsel and their efforts to mount an effective defense in this case. Advancing the deadline will also likely make it well-nigh impossible for Mr. Sewall and counsel to have the benefit of expert review of the discovery, should Mr. Sewall be in the position to hire experts to help with this review.

7. Further, undersigned counsel has relied on the various current deadlines that have been set in this case in allocating his time among this case and his other professional commitments and responsibilities.  He has relied on the time afforded by

the current motions deadline in budgeting his time for this case and other matters.

8. Counterbalanced against the hardships and burdens that will be visited on the defense from advancing the motions deadline by one and one-half months is no more than the Government's speculation at this point that motion practice will be so extensive that neither the Court nor the parties will be able to litigate and resolve the motions that may be filed, while at the same time complying with other deadlines that must be met in order for trial of this case to take place as scheduled.

9. The basis for the Government's concerns in this regard have been well-known virtually since the inception of the case. The complexity of this case was known to all parties and the Court by no later than the filing of the first ends-of-justice continuance motion. Yet with the granting of the first such motion and with each such successive motion by the Court, the time-frame that the Court set between the deadline for pretrial motions and the commencement of trial remained the same: Approximately 28-days. At no time, even when the parties jointly moved the Court for addition trial days in the case, did the Government express any concern about this time-frame.

10. The Court set these various deadlines perfectly mindful and understanding of the nature and complexity of the case. No party complained of or took issue with these deadlines until now. Nothing has changed except the Government counsel's dawning concern that neither the parties nor the Court will be able to handle these various deadlines. This speculation and concern, which places undue burden upon the defense, should be denied, is insufficient to change things now.

WHEREFORE, Mr. Sewall respectfully requests that the Government's motion be denied and that the pretrial motions deadline of January 30, 2023 remain as set.

DATED October 6, 2022

Respectfully submitted,

*s/Kenneth M. Harmon*
Kenneth M. Harmon
Springer & Steinberg, P.C.
1600 Broadway, Suite 2100
Denver, Colorado 80202
Tel. No. (303) 861-2800
E-Mail:kharmon@springersteinberg.com

Counsel for Bryant Edwin Sewall

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

*s/Kenneth M. Harmon*
Kenneth M. Harmon