IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00034-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    MICHAEL SHAWN STEWART, and
**2.**    **BRYANT EDWIN SEWALL**,

      Defendants.

_____

### GOVERNMENT'S AMENDED OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT SEWALL AND FOR COURT-APPOINTMENT OF SUBSTITUTION COUNSEL [DOC. # 77]
_____

The United States of America files the Government's Amended Opposition to Motion to Withdraw as Counsel of Record for Defendant Sewall and for Court-Appointment of Substitution Counsel [Doc. # 77].   The government opposes defendant Sewall's motion to allow his attorney who has been working on this matter for more than two years to withdraw because (1) the defendant is represented by competent and effective counsel with whom he has no conflict, and (2) such a withdrawal would require a fifth continuance of the trial in this long-pending matter, resulting in substantial prejudice to the government and the interests of justice.   The government also objects to Mr. Sewall's request that the hearing on the instant motion be held *ex parte* and *in camera*.   While the portion of this hearing that specifically addresses attorney-client

1

communications and defense strategy should be held *ex parte* and *in camera*, much of the hearing will address other topics, and the government should be permitted to participate.

### Legal Standards and Summary of the Argument

The Court's local rules require a showing of "good cause" for withdrawal of counsel of record.   D.C.COLO.L.R.Atty.R. 5(b).   This is consistent with the Tenth Circuit's unambiguous standards regarding substitution of counsel: "To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict."   *United States v. Blaze*, 143 F.3d 585, 593 (10th Cir. 1998) (quoting *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir.1987)).   As discussed herein, Mr. Sewall can demonstrate none of the foregoing.

Consequently, the defense suggests that this Court ought to adopt a new Tenth Circuit standard, drawing a distinction between the right to substitute *retained* counsel and the right to substitute *appointed* counsel.   Citing to the Eleventh and Ninth Circuits, the defense urges this Court to allow substitution of Mr. Harmon, as retained counsel, for "any reason at all."   [Doc. # 77 at 5].   But even the more permissive Eleventh and Ninth Circuit standards, allowing withdrawal of retained counsel without good cause, have one critical limitation: substitution is not permitted where it would "interfere with the fair, orderly, and effective administration of justice."   *United States v. Brown*, 785 F.3d 1337, 1347 (9th Cir. 2015); *United States v. Jimenez-Antunez*, 820 F.3d 1267, 1272 (11th Cir. 2016) (holding a court may deny a motion to substitute retained counsel if it

will interfere with the "fair, orderly, and effective administration of the courts," *e.g.,* "a

defendant may not substitute counsel to delay court proceedings").   Importantly,

"[u]nder this standard, a court reviewing a motion to dismiss retained counsel by a

defendant who intends to request appointed counsel can prevent potential

manipulation."   *Jimenez-Antunez*, 820 F.3d at 1272.   Manipulation of the judicial

system and the efficient administration of the courts is also a key factor in the Tenth

Circuit standard, where the timeliness of the defendant's request for substitution must

be "strongly consider[ed]" because "there must be some limit to the defendant's ability

to manipulate the judicial system."   *United States v. Beers*, 189 F.3d 1297, 1302 (10th

Cir. 1999) (quotation omitted).[1]   Thus, even were this Court to adopt a new standard for

the Circuit and import the Eleventh and Ninth Circuit jurisprudence, Mr. Sewall's motion

must still fail for the reasons set forth herein.

## Argument

Substitution of competent and effective counsel at this late stage in the

proceedings of this case will necessarily interfere with the fair, orderly, and effective

administration of justice.   Given the scope of this case and the large volume of

discovery that has been produced,[2] it is undisputed that substitution of counsel is, in

---

[1] The Tenth Circuit reviews a district court's decision to deny substitution of counsel for
abuse of discretion, which includes consideration of whether *"(1) the defendant's
request was timely*; (2) the trial court adequately inquired into defendant's reasons for
making the request; (3) the defendant-attorney conflict was so great that it led to a total
lack of communications precluding an adequate defense; and (4) the defendant
substantially and unreasonably contributed to the communication breakdown." *United
States v. Porter*, 405 F.3d 1136, 1140 (10th Cir. 2005) (emphasis added).
[2] The indictment alleges that defendants Stewart and Sewall conducted a wire fraud
scheme through the companies Mediatrix and Blue Isle from March 2016 through

effect, a motion to continue the trial date.   But the interests of justice demand that the

February 27, 2023, trial date be preserved.   As currently scheduled, the trial will

commence more than two years after the indictment was returned on February 4, 2021.

[Doc. # 1].   The Court already granted the defense four Ends of Justice continuances.

[*See* Doc. #s 36, 42, 61, & 67].   When the government agreed to not oppose the

defendants' fourth motion for an Ends of Justice continuance, the government made

very clear to the defense that it would vigorously oppose any further continuances.   In

its motion to preserve the current trial date, the government stated that one of the

reasons that the February 27, 2023, trial date should be preserved was that AUSA

Rhyne would be leaving the government at the end of May 2023.   [Doc. # 65 at 3].

The government noted that AUSA Rhyne is the only prosecutor who has been assigned

to this case from its inception, that her historical knowledge of this complex case will be

very important to the government in trying this case, and that her absence would

prejudice the government and interrupt continuity of counsel.   [*Id.*].   Mr. Sewall's

motion was filed only after receiving this information and appears to be a tactical

decision designed to delay the trial and prejudice the government.

---

September 2019, in which they used false representations to induce investors to invest
more than $129 million dollars in algorithm-based trading in foreign currency exchange
("FOREX") markets.   [Doc. # 1].   There were hundreds of investors.   The trial in this
case will require the presentation of substantial international evidence from multiple
countries because, among other things: (1) defendants Stewart and Sewall conducted
much of Mediatrix's and Blue Isle's business from an office in the Bahamas; (2) Blue
Isle's FOREX brokerage accounts were located in the United Kingdom; (3) bank
accounts were held in multiple foreign countries; and (4) some of the investors reside in
foreign countries.   Additionally, the presentation of evidence at trial will require an in-
depth discussion of FOREX trading and several technologies used in such trading.

4

This tactical choice falls particularly hard on the victims of this offense (of which there are hundreds) who await justice, and whose interests should be paramount in the Court's decisions regarding the fairness and effectiveness of the administration of justice.   It hampers the efficiency of the trial as the case ages and witnesses are served third and fourth versions of trial subpoenas, and it requires the rescheduling of numerous international witnesses.

Additionally, it appears from the motion that Mr. Sewall may harbor some unrealistic expectations that a new, court-appointed attorney will have vastly more resources to devote to this case than Mr. Harmon has.[3]   Humoring, rather than addressing, such expectations by granting his motion would be counterproductive to Mr. Sewall in the long run.   It would also be an unjustified basis for substituting competent and effective counsel.

Mr. Harmon has been working on this case for more than two years.   Allowing him to withdraw so that brand-new counsel can start from scratch in this matter is grossly inefficient and does not advance Mr. Sewall's objective of having a well-prepared attorney handle his trial in this matter.   In early August 2020, Mr. Harmon informed the government that he was representing Mr. Sewall in this matter and wanted to begin discussions about the case to determine whether a pre-indictment resolution

---

[3]  Additionally, to the extent Mr. Sewall expresses dissatisfaction with the level of resources he perceives as being dedicated to his case, it is critical to note that here we are concerned only with representation on the criminal case.   Mr. Harmon states that he and his firm have represented Mr. Sewall in connection with a civil case in the Eastern District of Texas.   [Doc. # 77 at 2].   To the extent the Court inquires into Mr. Sewall's relationship with and perception of counsel, the focus must be on the criminal representation.

was possible.   Based on those early discussions, Mr. Harmon had a solid

understanding of the scope and nature of this case even before he officially entered an

appearance on behalf of Mr. Sewall on March 11, 2021.   [Doc. # 24].   Additionally,

until a few years ago, Mr. Harmon was an Assistant United States Attorney in the

District of Colorado, assigned to the Economic Crimes Section.   Having worked in that

capacity for decades, Mr. Harmon frequently handled cases that focused on complex

economic crimes, including cases involving securities fraud with parallel investigations

being handled by the SEC.   When Mr. Harmon agreed to take on the representation of

Mr. Sewall, Mr. Harmon well knew the type and volume of discovery that is routinely

generated by such cases.   Mr. Harmon was also acutely familiar with the manner in

which the government produces discovery and the fact that discovery in such cases is

ongoing, because the government receives additional materials as the case progresses.

Mr. Harmon's claim that he could be better equipped to manage the discovery in this

case is surprising because: (1) the scope and volume was predictable given the nature

of the case; (2) Mr. Harmon has specific experience in this practice area; and (3) Mr.

Harmon is not a sole practitioner but in fact works at the long-established and reputable

law firm of Springer and Steinberg.   Any concerns about Mr. Harmon's ability to

manage the discovery in this case should have been identified and addressed long ago.

Moreover, the government believes the defense has adequate resources to manage

discovery and has used these resources to date.   To avoid concerns regarding

document access and review, the government provides discovery through a document

management platform called Eclipse, which allows the defense to view, organize, and

tag documents.   In response to a specific request by Mr. Harmon, on December 14,

2021, the government reproduced to Mr. Harmon on a single hard drive all of the

discovery provided in this case as of that date in the Eclipse document management

platform.   This December 14, 2021, production included the **vast majority of the**

**discovery in this case**.   Since then, three additional discovery productions have been

made in pdf format and with useable indexes on the following dates: March 31, 2022

(approximately 1624 pages); June 10, 2022 (approximately 11,371 pages); and

September 26, 2022 (approximately 3,365 pages).   And while the June 10, 2022,

production was voluminous, 10,479 pages of that production were "master account"

statements that Mr. Sewall specifically requested and that the government obtained

from a third party as a courtesy to him.   They are not documents that the government

intends to use in its case-in-chief.   In short, while voluminous, the discovery in this case

has been produced in a manner that is reasonable and manageable for Mr. Harmon's

review and use.

        In the alternative to the motion to withdraw, Mr. Sewall has requested that Mr.

Harmon's representation be converted to an appointment under the Criminal Justice Act

(CJA), despite Mr. Harmon not being on the CJA Panel, which he asserts is allowed

under "exceptional circumstances."   [Doc. # 77 at 8].   Mr. Sewall also asks that a

second CJA attorney be appointed to represent him and that additional CJA funds be

made available for paralegals, document management software services, consultants,

and experts.   [*Id*.].   If the Court finds that Mr. Sewall qualifies for court-appointed

counsel, the government does not object to Mr. Harmon receiving that CJA appointment

under the "exceptional circumstances" exception cited by Mr. Sewall.   As to Mr.

Sewall's request for a second court-appointed lawyer and additional CJA funds for

paralegals, document management software services, consultants, and experts, the

government leaves to the Court's sound discretion the determination of whether these

requests amount to an appropriate and customary use of CJA funds.

## Conclusion

For the reasons set forth above, the government requests that attorney Ken

Harmon not be permitted to withdraw at this late juncture in this case because: (1) Mr.

Sewall is represented by competent and effective counsel with whom he has no conflict,

and (2) such a withdrawal would require a fifth continuance of the trial in this long-

pending matter, resulting in substantial prejudice to the government and the interests of

justice.

Respectfully submitted this 13th day of October 2022.

COLE FINEGAN
United States Attorney

By: */s/Pegeen D. Rhyne*
PEGEEN D. RHYNE
Assistant U.S. Attorneys
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
(303) 454-0100
(303) 454-0409 (fax)
Pegeen.Rhyne@usdoj.gov
*Attorney for Government*

By: */s/Anna Edgar*
ANNA EDGAR
Assistant U.S. Attorneys
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
(303) 454-0100
(303) 454-0409 (fax)
Anna.Edgar@usdoj.gov
*Attorney for Government*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

s/ *Amy McDaniel*
Amy McDaniel
Legal Assistant
U.S. Attorney's Office