IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00034-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   MICHAEL SHAWN STEWART, and
2.   **BRYANT EDWIN SEWALL**,

    Defendants.

_____

GOVERNMENT'S OBJECTIONS TO MAGISTRATE JUDGE ORDER [DOC. #88]
_____

Pursuant to Federal Rule of Criminal Procedure 59(a), the United States of America respectfully objects to Magistrate Judge James P. O'Hara's order [doc. #88], entered October 26, 2022, and requests that the Court reverse the decision and issue an order denying Defendant Sewall's Motion to Withdraw as Counsel of Record for Defendant Sewall and for Court-Appointment of Substitute Counsel [doc. #77]. The United States opposed the motion [doc. #84], and the Court referred the motion to Magistrate Judge Crews on October 18, 2022 [doc. #85]. The motion was granted without a hearing, and there is no substantive order explaining the reasoning behind the decision or addressing the parties' arguments. The United States therefore respectfully submits that the order is clearly erroneous and contrary to law. *See* Fed. R. Crim. P. 59(a); 28 U.S.C. § 636(b)(1)(A).

The United States adopts as its objections to the Order the law, facts, and

1

argument set forth in its opposition [doc. #84] and incorporates those by reference. *See* Government's Amended Opposition to Motion to Withdraw as Counsel of Record for Defendant Sewall and for Court-Appointment of Substitute Counsel [doc. #84]. As stated therein, in summary, the motion must be denied because the defendant's general factual allegations fall significantly short of meeting the applicable legal standards.

The Tenth Circuit standard for substitution of counsel very plainly requires "good cause," such as a "conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which leads to an apparently unjust verdict" to permit withdrawal of counsel. *United States v. Blaze*, 143 F.3d 585, 593 (10th Cir. 1998) (quoting *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir.1987)). Mr. Harmon has competently and effectively represented Mr. Sewall since before the indictment of this case and through four ends-of-justice continuances setting trial out more than two years after the grand jury's indictment. None of the defendant's motions referenced any dispute or conflict between Mr. Harmon and the defendant or any lack of resources in handling this case,[1] and none of the issues identified in the defendant's motion come close to constituting good cause.

Because the limited and general factual allegations set forth in the defendant's motion do not meet the Tenth Circuit standard, the defendant urged the Court to adopt more permissive legal standards from the Ninth and Eleventh Circuits regarding withdrawal of retained counsel. Even assuming the Court were to import these legal

---

[1] *See generally* Doc. #s 34, 41, 60, and 65.

2

rules to the Tenth Circuit, the defendant's motion should have been rejected because those standards bar withdrawal of counsel where it would "interfere with the fair, orderly, and effective administration of justice." *United States v. Brown*, 785 F.3d 1337, 1347 (9th Cir. 2015); *United States v. Jimenez-Antunez*, 820 F.3d 1267, 1272 (11th Cir. 2016). This standard is important to prevent defendants from substituting counsel "to delay court proceedings" and "prevent potential manipulation" by defendants in the administration of justice. *Jimenez-Antunez*, 820 F.3d at 1272. Substitution of competent and effective counsel who has represented the defendant without complaint or issue for four years at this late stage of the case is unequivocally unfair, disorderly, ineffective, and impedes justice owed to the hundreds of victims in this case. Withdrawal of counsel is, in effect, a continuance of the trial date, which has already been delayed multiple times.[2]

     The injustice occasioned by the withdrawal of counsel is further apparent when viewed against the backdrop of readily available alternatives. The defendant himself

---

[2] This case involves a wire fraud scheme involving voluminous evidence, including from foreign jurisdictions. The indictment alleges that defendants Stewart and Sewall conducted a wire fraud scheme through the companies Mediatrix and Blue Isle from March 2016 through September 2019, in which they used false representations to induce investors to invest more than $129 million dollars in algorithm-based trading in foreign currency exchange ("FOREX") markets. [Doc. # 1]. There were hundreds of investors. The trial in this case will require the presentation of substantial international evidence from multiple countries because, among other things: (1) defendants Stewart and Sewall conducted much of Mediatrix's and Blue Isle's business from an office in the Bahamas; (2) Blue Isle's FOREX brokerage accounts were located in the United Kingdom; (3) bank accounts were held in multiple foreign countries; and (4) some of the investors reside in foreign countries. Additionally, the presentation of evidence at trial will require an in-depth discussion of FOREX trading and several technologies used in such trading.

suggests, in the event counsel is not permitted to withdraw, that he be appointed to represent the defendant under the Criminal Justice Act (CJA), as allowed under exceptional circumstances for non-panel attorneys. *See* Doc. # 77 at 8. He also requests that a second CJA attorney be appointed, and that additional funds be made available for certain resources. *See id.* These are reasonable measures to address the resource concerns the defendant raises, to the extent the Court finds those concerns to be justified.

Finally, the United States notes that the defendant's motion is closely tied to the government's Motion to Advance Pretrial Motions Deadline and Preserve Trial Date [doc. #74], which remains pending before the Court. The defendant filed his motion to allow withdrawal of counsel just days after the United States filed that motion, which involves many of the same timing and administration of justice issues at issue here.

For the reasons set forth above and in the government's opposition to the motion [doc. #84], the government respectfully requests that the Court reverse the Order [doc. #88] entered October 26, 2022, and issue an order denying Defendant Sewall's Motion to Withdraw as Counsel of Record for Defendant Sewall and for Court-Appointment of Substitute Counsel [doc. #77].

Respectfully submitted this 26th day of October, 2022.

             COLE FINEGAN
             United States Attorney

             By: */s/Anna Edgar*
             ANNA EDGAR
             Assistant U.S. Attorneys
             United States Attorney's Office
             1801 California Street, Suite 1600
             Denver, Colorado 80202
             (303) 454-0100
             (303) 454-0409 (fax)
             Anna.Edgar@usdoj.gov
             *Attorney for the United States*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

      s/ *Amy McDaniel*
      Amy McDaniel
      Legal Assistant
      U.S. Attorney's Office