**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 21-cv-034-WJM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**2. BRYANT EDWIN SEWALL**,

     Defendant.

---

### ORDER OVERRULING GOVERNMENT'S OBJECTION TO ORDER OF MAGISTRATE JUDGE GRANTING MOTION TO WITHDRAW AS COUNSEL

---

This matter comes before the Court on two related October 26, 2022, orders issued by United States Magistrate Judge S. Kato Crews.  The first grants Defendant Bryant Edwin Sewall's former counsel's motion to withdraw (ECF No. 88), and the second orders appointment of new counsel (ECF No. 89).  The Government filed an Objection to Judge Crews's order granting the motion to withdraw later the same day. (ECF No. 90.)

For the reasons stated below, the Government's Objection is overruled.

### I. LEGAL STANDARD

When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must affirm the ruling unless it finds that the ruling is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847

F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted).  The "contrary to law" standard permits "plenary review as to matters of law," see 12 Charles Alan Wright *et al.*, Federal Practice & Procedure § 3069 (2d ed., Apr. 2016 update), but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002).  In short, "[b]ecause a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused."  *Ariza*, 167 F.R.D. at 133.

## II. ANALYSIS

On October 6, 2022, Sewall's former counsel, Ken Harmon, filed the Motion to Withdraw as Counsel of Record for Defendant Sewall and for Court-appointment [*sic*] of Substitute Counsel ("Motion'").  (ECF No. 77.)  In the Motion, Harmon explained that Sewall is not satisfied with his resources or effectiveness.  (*Id.* at 3.)  Sewall sought substitute private counsel but cannot afford it.  (*See id.* at 4, 7–8.)  Due to his dissatisfaction with Harmon, Sewall discharged Harmon and directed him to file the Motion.

Sewall also requests new court-appointed counsel, explaining that under the Criminal Justice Act ("CJA"), the Court may appoint counsel at any stage of the litigation if it finds a defendant is "financially unable to pay [retained] counsel."  (*Id.* at 8.)  Alternatively, if the Court does not appoint CJA counsel, Sewall requests the Court find there are "exceptional circumstances" warranting the special appointment of Harmon with CJA funds.  (*Id.* at 8–9.)  Judge Crews's orders permit Harmon to withdraw and appoint new counsel (though no new counsel has yet entered an appearance).  (ECF Nos. 88, 89.)

The Government objects to the following: (1) Judge Crews issued the orders without a hearing; (2) the factual allegations in the Motion fall short of the standard for granting a motion to withdraw counsel; and (3) granting the Motion interferes with the fair, orderly, and effective administration of justice.  (ECF No. 90 at 1–4.)

After fully considering the Government's arguments the Court concludes that, while its contentions are not entirely without merit, it has failed to meet the rigorous burden of demonstrating that Judge Crews's orders are either clearly erroneous or contrary to law.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    The Government's Objection to Magistrate Judge Order (ECF No. 90) are OVERRULED;

2.    Judge Crews's October 26, 2022, orders (ECF Nos. 88, 89) are ADOPTED and AFFIRMED; and

3.    The Court DIRECTS that CJA counsel be FORTHWITH appointed to represent Defendant Sewall.

Dated this 1st day of November, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge